UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN L. REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02229-WTL-MJD |
| ) | |
| MATT JOHNSON, ) | |
| LISH BERGESON Nurse, ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against Superintendent Wendy Knight, Internal Affairs Officer Matt Johnson, and Nurse Lish Bergeson.  He alleges the following in support of his claims:

The plaintiff was investigated by Officer Johnson for having an inappropriate relationship with staff member Joann Massey.  The plaintiff was instructed to avoid contact with Ms. Massey, but her office was in the medical wing and the plaintiff needed to go to the medical wing to receive medical care for his diabetes, high cholesterol, sciatic nerve disorder, dental problems, and his chronic care pain medication.

The plaintiff was subsequently charged with threatening Ms. Massey, which made him afraid to go back to the medical wing and receive further charges, so he simply stopped going to the medical wing.  Officer Johnson refused to have the plaintiff transferred to another prison or to remove Ms. Massey's office from the medical wing, and thus the plaintiff continued not going to the medical wing to receive his medical care.  The plaintiff alleges that he discussed his concern with Nurse Bergeson.  She asked the plaintiff what she could do to assist him, and the plaintiff responded that she could move Ms. Massey's office out of the medical wing.  Nurse Bergeson informed the plaintiff that she could not move Ms. Massey's office.  Because she could not do this, the plaintiff continued not entering the medical wing to receive his medical care.  The plaintiff maintains that the defendants' conduct was outrageous and his decision not to go to the medical wing to receive his medical care was made under duress because he was afraid of further charges against him.

The plaintiff brought almost these exact claims against Officer Johnson and Superintendent Knight in an earlier case (he also asserted additional claims against other defendants, but Nurse Bergeson was not named as a defendant in that action). *See Reaves v. Johnson*, No. 1:16-cv-1279-JMS-DKL. The Court dismissed the plaintiff's claims, including his claim concerning his discontinued medical care. Such a claim requires "that the defendant officials had a sufficiently culpable state of mind—that their acts or omissions [were] sufficiently harmful to evidence deliberate indifference to his serious medical needs." *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). But, again, the plaintiff merely alleges that he was told by Officer Johnson that he would not transfer the plaintiff to a different prison or move Ms. Massey's office, and he was told by Nurse Bergeson that she could not move Ms. Massey's office. Those actions do not evince deliberate indifference to the plaintiff's medical needs. The plaintiff alleges that this conduct put him under "duress" such that he had to forego his medical treatment to avoid Ms. Massey. But that was his choice. He was charged with threatening Ms. Massey and was thus afraid to get in further trouble by being near her, so he chose not to continue receiving his medical treatment. The fact that the defendants would not transfer the plaintiff to another prison or move Ms. Massey's office—solutions to which the plaintiff was not constitutionally entitled—does not show that the defendants were deliberately indifferent to his medical needs.

As to Superintendent Knight, the plaintiff alleges only that she is liable in her supervisory capacity as the person in charge of Pendleton. But there is no supervisory liability for claims brought pursuant to § 1983. Instead, to state a claim under § 1983, each defendant must be personally involved in the alleged constitutional violation. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section

1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (citation omitted).

In sum, as the Court concluded in *Reaves v. Johnson*, No. 1:16-cv-1279-JMS-DKL, given that any of the defendants informed the plaintiff that he could not receive his medical care, his allegations are insufficient to demonstrate that any of the defendants were deliberately indifferent to his serious medical needs. Accordingly, his claims against the defendants must be **dismissed** for failure to state a claim upon which relief may granted.

## II.

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through November 17, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

The initial partial filing fee for this case was filed by the plaintiff in a closed case he previously filed with this Court, No. 1:16-cv-1279-JMS-DKL, Dkt. 18. The clerk is **directed to re-docket** the Receipt for that filing fee in this case and attribute that filing fee to the balance owed in this action.

**IT IS SO ORDERED.**

Date: 10/21/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. REAVES
161700
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064